Case 1:24-cr-10044-MJJ    Document 93    Filed 08/14/25    Page 1 of 10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                      ) | **Docket No. 1:24CR10044-1** |
| ) | |
| RAMBHAI PATEL           ) | |
| _____ ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Rambhai Patel through his counsel, respectfully submits this memorandum in connection with his sentencing scheduled for August 20, 2025. Mr. Patel respectfully requests that this Honorable Court impose a sentence of 18 months custody, followed by a 2 year period of supervised release. At this time, Mr. Patel has been in custody for a period 18 months and one week. Considering that Mr. Patel has no criminal history, he has provided substantial information in connection with his agreement to cooperate with the government and has extraordinary background and family circumstances, a sentence of 18 months custody and 2 years supervised release is "sufficient, but not greater than necessary" to comply with the purposes of the Sentencing Reform Act. 18 U.S.C. § 3553(a).

## PROCEDURAL BACKGROUND

Mr. Patel has pleaded guilty to one count of conspiracy to commit visa fraud in connection with his staging of phony robberies which had the effect of providing the purported robbery victims with an avenue to petition for a U-Visa (crime victim based

1

visa petitions).  Mr. Patel was arrested on December 13, 2023, and has been detained at Wyatt Detention Center ever since.  Throughout the ensuing eighteen months, he has been a model inmate at Wyatt, with absolutely no disciplinary issues.

## PLEA AND ACCEPTANCE OF RESPONSIBILITY

On May 20, 2025, Mr. Patel pled guilty to Count one of the Indictment, conspiracy to commit Visa Fraud.

Advisory guidelines calculations:

1. A base offense level of 11, because the charge is conspiracy to commit visa fraud (§2X1.1(a),(c); 2L2.1(a)).

2. Defense offense level is increased by 3 because the offense involved between 6 and 24 documents (§2L2.1(b)(2)).

3. Defendant's offense level is increased by 4, because Defendant was an organizer of criminal activity that involved five or more participants (§ 3B1.1(a))

4. Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (§3E1.1)

5. The parties agree, based on the foregoing calculations, that the defendant's total Offense Level under the guidelines is 15

In the PSR, Probation also calculated a total offense level of 15. PSR 37, yielding an advisory guidelines range of 18 to 24 months of imprisonment.

## I.    Applicable Law

Under *United States v. Booker*, 543 U.S. 220, 259 (2005), the sentencing guidelines are no longer mandatory. The Sentencing Reform Act is viewed as requiring the Court to consider guidelines ranges, *see* 18 U.S.C. § 3553(a)(4), but permits it to

tailor the sentence in light of other statutory concerns. These concerns include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and effectively providing the defendant with needed educational or vocational training and medical care. 18 U.S.C. § 3553(a). Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

The sentencing court must compute the guidelines, which are the "starting point and the initial benchmark," but which may not be presumed reasonable. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Then, the court considers the parties' arguments, after which it makes an "individualized assessment based on the facts presented," considering all of the factors under 18 U.S.C. § 3553(a). *Id.* Ultimately, the sentencing judge must select a sentence within the statutory range that is "sufficient, but not greater than necessary" to satisfy the varied purposes of punishment identified by Congress.  U.S.C. § 3553(a)(1); *see also* 18 U.S.C. § 3553(a)(2).

The First Circuit has summarized the central principles of the post-*Booker* and -*Gall* sentencing procedure described above:

> This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the

guidelines are always beyond the pale. Rather, the court "should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*United States v. Martin,* 520 F.3d 87, 91 (1st Cir. 2008) (quoting *Gall,* 552 U.S. at 52).

U.S.C. § 3553(a)(1); *see also* 18 U.S.C. § 3553(a)(2).

The First Circuit has summarized the central principles of the post-*Booker* and -*Gall* sentencing procedure described above:

This sequencing necessitates a case-by-case approach, the hallmark of which is flexibility. In the last analysis, a sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale. Rather, the court "should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*United States v. Martin,* 520 F.3d 87, 91 (1st Cir. 2008) (quoting *Gall,* 552 U.S. at 52).

### History and Characteristics of Rambhai Patel

The defendant was born in Ahmedabad, India to the union of Dashrath and Kamlaben Bahai. He was raised by his parents alongside his two sisters, Reshma and Jyoah. The defendant and his family lived in poverty. He described his childhood home as a one-bedroom residence. He had food and clothes, but all family members worked, including the defendant and his siblings, to sustain the household. He explained that he would work after school.

Sadly, there was physical abuse in his family. In approximately 2010, the defendant's paternal uncle, a politician, chose a different political party. This choice resulted in social

4

issues for the family. Further, a conflict involving the husband of the defendant's sister, resulted in individuals beating the defendant in his home. There was no law enforcement intervention for the beating. As a result, the defendant decided to relocate to the United States.

The defendant is married to Purvi Patel, age 37. The defendant married Mrs. Patel in 2012 in India. The couple has one son, Namah Patel, age 10. Mr. Patel is very involved with his son and he speaks to him daily. Mrs. Patel has indicated that her son misses his father terribly, and they all have a close relationship. She explained that her son's teachers have raised concerns about his behavioral changes since his father's arrest. She reported that she speaks to the defendant every evening via video chat. Mrs. Patel described her husband as very caring and explained that he is not only caring towards her, their son, and his immediate family but others in the community.

From approximately 2020 to December 2023, the defendant resided in Farmingdale, New York, with his parents, wife and son.

**Mrs. Patel in her letter to the Court, describes her husband Ram as:**

*"A person of unwavering integrity, honesty and strong moral principles......she further explains that he exhibits kindness, Compassion, and an unfaltering sense of responsibility."*

*"She explains that Rambhai Patel has been a pillar of support for our family, always placing the well-being of our loved ones at the forefront. His dedication to their family's happiness and stability is evident in the love and care he provides. Whether it's helping with household responsibilities, nurturing our relationship, or being a loving parent, he approaches every role with a sense of duty and devotion. He has always put family above everything else. The moral values in which my husband believes has guided him in making ethical decisions and he shows remorse when any mistake has been made by him. In addition, Mrs. Patel's and my husband have a nine-year-old son who loves his dad a lot and can't live without him. Mrs. Patel explains, This situation is very difficult for my son to understand and I am having a hard making him stay calm."*

*(See Exhibit A)*

5

**Mr. Patel's son, Namah's letter to the Court, is particularly moving:**

*"I am writing this letter for my dad, Rambhai Patel. I am missing my dad so much. This is the first time I have been away from my dad. I love my dad. I want my dad with me."*

*"My mom works in the morning Time, so for more than a year, my dad wakes me up to go to school, my dad is always there beside me, helps me to get up, shower, also makes me breakfast and send me to school. He takes me for movies, shopping, dinner and gets me desserts every weekend. Without him being with me, I don't feel like to get up and go to school."*

*"Every morning, me and my dad pray together. He taught me how to pray to god. He always encourages me to go for different activities such as soccer, art, and swimming. My dad supports me in everything I want to do. My dad takes me to Dave and Buster's whenever I tell him that I have to play games. I enjoy playing games and spending time with him."*

*"I love doing my school homework with him. He even always comes to my school concerts, and I see him in the audience clapping for me the whole time I was performing. He comes to my PTA meeting in school and if teacher complains something of me, my dad makes me understand my mistake and guide me how do I make it right. One time I was having a problem understanding problems in my math's classes, so he made me understand it so creatively, like I am playing a game."*

*"My dad loves to help other people. Around three months ago, me and my dad went to give blankets to homeless people. Whenever my friends comes to my house to play, my dad play games with us and makes us snacks when we get hungry."*

*"He is more of my best friend then my dad. He even calls me buddy. He comes with me to my classes and games, always there cheering me up during my whole game. Every night me and my dad do the ice-cream party. Right now that he is not with me, I promised myself that I will not eat ice-cream until he comes back to me."*

*(See Exhibit B)*

**Mr. Patel's nephew Rudra in his heart felt later to the Court, explains:**

*"My uncle, Rambhai Patel, has always been an extraordinary presence in my life. From the time I was a little child, he stepped into the role of a father figure, guiding me through the journey of life with his unwavering love and support. Despite the thousands of miles that separated us, he bridged the distance effortlessly, connecting with me through endless hours of FaceTime conversations."*

*"His infectious laughter and incredible personality became a constant source of inspiration for me. Whenever we spoke, his positive energy and zest for life would fill the screen, instantly lighting up my day. Through his gentle words and caring gestures, he made it abundantly clear that his love for me knew no boundaries. His physical presence brought solace and reassurance, reminding me that no matter how far apart we were, our bond remained unbreakable."*

*"My uncle's belief in my dreams and aspirations has been unwavering. No matter how big or small my goals were, he always encouraged me to reach for the stars. Through his*

6

*constant support and encouragement, I gained the confidence to chase my passions and believe in my own abilities."*

*"Even during the toughest times, My uncle remained my pillar of strength. Whenever life threw obstacles my way, he offered a safe haven where I could express my fears and uncertainties. His words of wisdom and empathy provided comfort and guidance, assuring me that I was never alone in my struggles. His presence in my life has taught me resilience and the importance of having someone to lean on in times of need."*

*"As the years have passed, Mama's influence on my life has only grown stronger. I carry his teachings, his laughter, and his incredible spirit within me, knowing that his impact will forever be etched in my heart."*

*"He has not only been an uncle but also a mentor, a friend, and a second father figure. His love transcends geographical boundaries, language barriers, and any other obstacles that life may present. He is and will always be a special person in my life."*

*(See Exhibit C)*

<u>*Mr. Patel's mother Kamlaben Patel speaks of her son like only a loving parent who knows her son's true composition could:*</u>

*"From the day he was born, Rambhai has been a son who has filled my life with kindness, respect, and care. As he grew, I watched him become not just a hardworking man, but also a person who always made his family's needs his first priority. He has never hesitated to help me — whether it was accompanying me to the temple, making sure I had my medicines on time, or simply sitting with me in the evening to talk and share laughter. Those moments have been my greatest blessings."*

<u>*Mrs. Patel goes on to describe her son's character and warm heart……..*</u>

*"From the day he was born, Rambhai has been a son who has filled my life with kindness, respect, and care. As he grew, I watched him become not just a hardworking man, but also a person who always made his family's needs his first priority. He has never hesitated to help me — whether it was accompanying me to the temple, making sure I had my medicines on time, or simply sitting with me in the evening to talk and share laughter. Those moments have been my greatest blessings."*

*(See Exhibit D)*

<u>*Mr. Patel's father, Dashrathbhai is so truly proud of his son, when he explains:*</u>

*"From the time he was young, Rambhai has been a caring and respectful son. He has always placed the well-being of his family before his own needs. When I grew older and my health began to decline, Rambhai was the one who made sure I had my medicine, attended my doctor's appointments, and felt supported every day. He would work long*

*hours and still come home to sit with me, share a meal, and ask if I needed anything. Rambhai's care extends beyond our immediate family. He has often helped relatives, friends, and neighbors in times of need — whether by offering his time, lending money without expecting it back, or simply being there to listen. His actions have always reflected the values I tried to teach him: honesty, hard work, and kindness."*

*(See Exhibit E)*

*On behalf of Mr. Patel, we also submit many other letters of support for the Court's consideration. We have just chosen the most telling of who he is through the above 5 letters. Attached are the others that speak volumes about the who Mr. Patel is beyond the case, which we submit does not define who Rambhai Patel really is.*

*(See additional letters of support from family and the community, attached as Exhibit F)*

**Under the Sentencing Reform Act, A Sentence of 18 months custody Is Sufficient, But Not Greater Than Necessary, To Comply With The Statutory Purposes.**

After determining the guideline range, this Court then considers whether the statutory factors warrant an ultimate sentence above or below the guideline range. *Jiménez-Beltre,* 440 F.3d at 518-19; USSG §1B1.1(a)–(c) (courts shall first determine the guideline range, then consider the departure policy statements, then consider the 18 U.S.C. § 3553(a) factors as a whole).

The Supreme Court has emphasized that § 3553(a) is more than a laundry list of discrete sentencing factors; rather, it is a tapestry of factors, through which runs the thread of an overarching principle. *United States v. Rodríguez,* 527 F.3d 221, 228 (1st Cir. 2008) (citing *Kimbrough v. United States,* 552 U.S. 85 (2007)). That tenet -- the "parsimony principle" -- instructs "district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* (quoting 18 U.S.C. § 3553(a)). As set forth *infra,* a sentence of 18 months custody followed by two years of supervised release is consonant with Mr. Patel's personal history and characteristics, and

8

is a guidelines sentence.



## CONCLUSION

For all the foregoing reasons, Mr. Patel respectfully requests that this Honorable Court impose a sentence of 18 months custody, followed by a period of two years post release supervision.

Dated:  August 14, 2025

Respectfully submitted,

Barry Zone, Esq.
405 Lexington Ave.
New York, New York 10075
barryzone@icloud.com

Local Counsel
Bradford Bradley
School Street, Suite 1000b
Boston, MA 02108
Tel.: (781) 589-2828
Fax: (857) 265-3184
brad@bradbaileylaw.com